

FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0335

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0335

CHERYL HOLDEN RICE,

Petitioner,

v.

TWENTY-FIRST JUDICIAL DISTRICT COURT,
MONTANA, HONORABLE HOWARD F. RECHT,
PRESIDING JUDGE,

Respondent.

FILED

JUN 2 3 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

Cheryl Holden Rice (Rice) has filed a "Petition For Writ Of Supervisory Control To Avoid Being Landlocked," seeking supervision over the order of the Twenty-First Judicial District Court, Ravalli County, entered on June 9, 2020, in the matter of *Cheryl Holden Rice v. John Keeley, Joan Keeley*, Cause No. DV 18-132, which set a hearing on June 23, 2020, at 1:30 p.m., to consider the Defendants' *Motion to Enforce Settlement Agreement*. Rice's petition was captioned for filing within this Court's Cause No. DA 19-0616, the pending related appeal involving the parties, and we have revised the caption to reflect the petition's invocation of this Court's original jurisdiction for purposes of requesting supervisory control over the District Court.

The Court has issued a series of recent orders within DA 19-0616, including an order, dated January 21, 2020, granting an unopposed motion to stay the appeal "until such time as the parties accomplish performance of the parties' settlement agreement" that had been entered by the parties during appellate mediation to resolve their property dispute. On March 19, 2020, Rice, the Appellant, filed a Status Report indicating that "[t]he parties' settlement agreement is not completed; however, significant progress has occurred," and providing factual detail regarding the preparation of a preliminary survey related to resolution of the dispute. That was followed, in April, by the withdrawal of Rice's counsel,

and a series of *pro se* motions filed by Rice, who still represents herself. The motions sought a declaration that the settlement agreement between the parties could not resolve the appeal, which was opposed by the Keeleys, Appellees therein, as well as other relief, including additional time for Rice to seek other counsel, which Keeleys did not oppose. This Court's order, entered May 1, 2020, denied Rice's request for a declaration that the settlement agreement could not resolve the appeal, and granted the request to extend the stay, providing "this appeal is stayed again until Cheryl completes performance in light of the settlement agreement." Noting new allegations and evidence offered by Rice, the order also stated that "any question of [Rice's] performance under the settlement agreement should be before the Ravalli County District Court." Finally, on May 15, 2020, Rice filed a "Response and Objection to Motion to Enforce Settlement Agreement (Opposed)" that objected to Keeleys' motion before the District Court to enforce the settlement agreement, again attempted to introduce new materials, and sought clarification of this Court's jurisdiction over the matter. Our order of June 3, 2020, denied the request, and reiterated the provisions of our order of May 1, 2020, regarding resolution of the settlement issues by the District Court, stating, "[w]hile this Court has jurisdiction of this pending and stayed appeal, this Court does not have jurisdiction of any new issues or factual disclosures. . . . Cheryl's newly raised issues concerning the settlement agreement would be before the District Court." The District Court's order setting a hearing on Keeleys' motion is the basis of Rice's current petition.

The petition makes numerous factual allegations about the validity of the settlement process and includes various documents. As we have explained previously, this Court is not a factfinding body, but reviews the factual determinations made by the trial courts pursuant to judgments entered therein. The District Court now has the matter of the settlement agreement before it, and Rice has the opportunity to raise her concerns there. As to Rice's concern about an apparent conflict with a previous order setting a status conference in the matter for a different time, the District Court is fully able to resolve any scheduling issues with the parties at the time of the hearing.

2

We conclude it has not been demonstrated that the District Court is proceeding under a mistake of law and causing a gross injustice, for which supervisory control is required.  M. R. App. P. 14(3)(a).  There is no basis here to alter the hearing that is scheduled before the District Court on June 23, 2020.  Therefore,

IT IS HEREBY ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide a copy hereof to counsel for the Petitioner, counsel for Keeleys, and to the Twenty-First Judicial District Court, Ravalli County, Hon. Howard F. Recht, presiding.

DATED this 23rd day of June, 2020.

_____

_____

_____

_____

_____

Justices

3